In re OCEAN DEVELOPMENTS OF AMERICA, Silvio De Lindegg, Debtors.

Daniel BAKST, Plaintiff,

v.

Adela Alicia SCARPA, Defendant.

Bankruptcy Nos. 82–00757–BKC–TCB, 82–00758–BKC–TCB.

Adv. No. 82–1260–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

March 25, 1983.

W. John Gundlach, Fort Lauderdale, Fla., for plaintiff.

Daniel Bakst, West Palm Beach, Fla., Trustee.

Angus Campbell, West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This action by the trustee has five counts. Counts I and II seek avoidance under 11 U.S.C. § 544 or § 548 of an undivided half interest in a million dollar Palm Beach mansion transferred to defendant by the debtor corporation. The remaining counts seek the value of some $967,471 worth of personal property, either taken by or given to the defendant shortly before or after bankruptcy, under § 547 (Count III), § 548 (Count IV), and § 549 (Count V). Defendant has answered. (C.P. No. 7). The matter was tried on March 15. The defendant did not testify and offered no evidence.

### Counts I and II

The Palm Beach house, 15 South Lake Trail, was purchased with funds from the debtor corporation. Title to an undivid-

ed half interest was put in the defendant's name on September 4, 1981, within a year before bankruptcy, April 29, 1982. The debtor corporation was then insolvent or became insolvent as a result of the transfer. Defendant furnished no value for the transfer. It follows that the transfer was fraudulent under § 548(a)(2) and is avoidable. A separate judgment will be entered avoiding the transfer and vesting title to that interest in Daniel Bakst, as trustee in bankruptcy. In view of this conclusion, it is unnecessary to consider the trustee's alternative contentions under § 548(a)(1) and § 544.

By a previous judgment, 22 B.R. 834 (C.P. No. 52) entered August 25, 1982, in an earlier adversary proceeding (No. 82–0569) by the trustee against the defendant, I found a March 19, 1982, conveyance by the individual debtor to defendant of the former's undivided half interest in the same property to be fraudulent under § 548(a) and declared it void. The trustee, therefore, will now hold title to both undivided half interests. § 541 and § 551.

Defendant's position is that the earlier judgment of August 25, 1982 is res judicata and bars the relief now sought by the trustee in Counts I and II. I disagree.

Res judicata embraces two concepts, claim preclusion and issue preclusion. *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.,* 5 Cir.1978, 575 F.2d 530, 535. Defendant invokes the first.

"It treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action' .... When the Plaintiff obtains a judgment in his favor, his claim 'merges' in the judgment; he may seek no further relief on that claim in a separate action.... The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach." Id. at 535.

■ The issue here, then, is whether the two claims or causes of action are different. Though they involve the same defendant,

the same house, occurred within six months of each other, and the trustee claimed each was a fraudulent transfer under § 548, they are different causes of action. Id. at 536 n. 10; Wright & Miller, *Federal Practice and Procedure:* Civil §§ 4406, 4407 n. 8.

The two actions involved the transfer of different property interests by different transferors on different occasions. They were brought by different parties: the first by de Lindegg's trustee, the second by the corporation's trustee. *Second Restatement of Judgments,* § 26, comment J. They required different proof in some, though not all respects. In the earlier action, the trustee also sought the avoidance of a mortgage given by defendant to a third party as a part of the same transaction. The mortgage is not affected by this action.

The two causes of action could have been joined in one case as separate counts. Because of the mortgagee's involvement in the first and the issues presented here by Counts III to V, it would have been awkward and inconvenient to try all in one case. The trustee was not obliged to incorporate all these matters in one action. His election not to do so was reasonable. But whether reasonable or not, it did not foreclose the instant action.

### Counts III and IV

In Counts III and IV, the trustee seeks a money judgment for $967,471 on account of (1) 19 cash transfers and (2) the separate transfers of a boat, two cars and four paintings. All these transfers occurred within the year before bankruptcy and all were to the defendant. Each transfer was from de Lindegg or the debtor corporation, but in each instance the property transferred came from or was purchased with funds from the debtor corporation.

■ In Count III, the trustee seeks relief under § 547. However, there is no proof before me of the first two elements essential to the establishment of a preferential transfer. Count III, therefore, will be dismissed.

 In Count IV, the trustee seeks relief under § 548(a)(2). I find that each of the transfers alleged in Count IV and summarized above was made when both debtors were insolvent or became insolvent as a result of the transfer and that neither debtor received any value in exchange for any of the transfers. Each of these transfers was, therefore, fraudulent and is voidable.

As to the 19 cash transfers, which total $185,471, the trustee is entitled to a money judgment against defendant in that sum.

As to the boat and the two cars, each was subsequently sold by the defendant to a transferee who took for value and, so far as this record shows, in good faith. Defendant received a total of $32,000 for the three items. The trustee is entitled to a money judgment against defendant in that sum.

As to the four paintings, the question presented is their value. They were spirited to Brazil and are inaccessible. There is a question as to the authenticity of each and the proof as to value is, understandably, sketchy at best. I find the Rousseau to be worth $500,000. The trustee is entitled to a money judgment in that sum.

I find the proof as to the authenticity and value of the Picasso, the Matisse and the Dufy (three lithographs) to be insufficient to support any finding as to their value.

The trustee relies on the testimony of a witness that de Lindegg once told him that the four paintings were originals and worth a total of $750,000. Though deLindegg's testimony under oath in this trial could support the trustee's contention, as would deLindegg's admission as to value under some circumstances, this prior declaration (though I believe the witness) is insufficient. I believe it was merely the bombast of a vain, uninformed owner. It has no evidentiary value in this matter.

### Count V

In Count V, the trustee seeks the avoidance of postpetition transfers under § 549. The proof offered was insufficient and this count has been withdrawn by the trustee.

As is required by B.R. 921(a), a separate judgment will be entered in accordance with the foregoing determinations. Costs may be taxed on motion.