In re Chano J. MAESTAS and Eunice
A. Maestas, Debtors.

Michael P. Maxwell, Trustee, Plaintiff,

v.

Michigan Fidelity Acceptance Corp.,
d/b/a Franklin Mortgage
Funding, Defendant.

Bankruptcy No. 04–24308–JES.
Adversary No. 06–2165.

United States Bankruptcy Court,
E.D. Wisconsin.

Oct. 31, 2006.

Mont L. Martin, Wiernick, Martin and
Neumaier, S.C., Milwaukee, WI, for Debtors.

## DECISION

JAMES E. SHAPIRO, Bankruptcy
Judge.

The doctrine of *res judicata*—often referred to in modern terminology as "claim
preclusion"—has influenced the outcome of
countless bankruptcy decisions in the past
and, undoubtedly, will continue to do so in
the future. When *res judicata* applies, it
forecloses relitigation of claims which were
either decided or could have been decided

in prior litigation. The case at bar is yet another in the line of many cases which have struggled with this issue.

In this adversary, the defendant, Michigan Fidelity Acceptance Corp. ("Michigan Fidelity"), has filed a motion to dismiss or, in the alternative, for judgment on the pleadings. Michigan Fidelity asserts that a final judgment was entered in a previous adversary proceeding brought against it by the plaintiff, Michael P. Maxwell ("trustee") (Adversary No. 05–2474) ("first adversary"). Michigan Fidelity did not contest the first adversary, and a default judgment was entered against it on January 23, 2006, voiding a refinanced mortgage executed by the debtors, Chano and Eunice Maestas, to Michigan Fidelity, as a preferential transfer under 11 U.S.C. § 547, with the avoided mortgage being preserved for the benefit of the bankruptcy estate under 11 U.S.C. § 551.[1]

A separate claim for money judgment was also included in the first adversary; however, it was not pursued by the trustee at the hearing on default judgment.

After the default judgment was entered in the first adversary, the trustee commenced this adversary proceeding on February 23, 2006 (Adversary No. 06–2165) ("second adversary"). The trustee now seeks in this second adversary to recover against Michigan Fidelity a money judgment, pursuant to 11 U.S.C. § 550, in the sum of $114,300, which he alleges is the value of the avoided preferential transfer. Although Michigan Fidelity failed to respond to the first adversary, it filed both an answer and a motion to dismiss or, in the alternative, for judgment on the pleadings in this second adversary. Michigan Fidelity contends that the decision in the first adversary constitutes a final judgment which bars relitigation against the

defendant under *res judicata*. Michigan Fidelity cites, in support of its position, *In re Linc Capital, Inc.*, 310 B.R. 847 (Bankr. N.D.Ill.2004). In *Linc*, the trustee sued two former officers and directors of the debtor claiming fraudulent transfers were made to them. That suit was settled and dismissed. Thereafter, the trustee, in *Linc*, brought a second suit against the same former officers and directors, this time, however, seeking recovery under § 550 for the value of the fraudulent transfers involved in the first suit. Judge Schmetterer applied *res judicata* in that case and declared that "both lawsuits are the same."

The trustee, in response to the argument of Michigan Fidelity, contends that *res judicata* has no application. In support of his position, the trustee cites *In re Enron Corp.*, 343 B.R. 75 (Bankr.S.D.N.Y. 2006), where the court stated in part:

> ... while avoidance must be established before recovery is effectuated, the two actions may be brought simultaneously as long as the recovery is not effected until the transfer has been established to be improper.

343 B.R. at 82. It is the trustee's position, based upon this language in *Enron*, that although avoidance of a preferential transfer and recovery of such preferential transfer or its value *may* be brought simultaneously in the same suit, it is not mandatory to do so.

The trustee further emphasizes it is important to note that, while a preferential transfer is controlled by one statute of limitations, the recovery of the preferential transfer or its value is controlled by another statute of limitations. 11 U.S.C. § 546(a) applies to preferences and establishes a two-year statute of limitations following the filing of a bankruptcy petition;

---

1. JP Morgan Chase Bank is also a named defendant in the first adversary. However, unlike Michigan Fidelity, it answered the complaint, and its rights have been preserved and are unaffected by the default judgment.

11 U.S.C. § 550(f) applies to recovery following avoidance of a preference and establishes a one-year statute of limitations beginning after the avoidance. The trustee submits that the existence of these two separate statutes of limitations running for different periods of time is significant and constitutes a recognized exception to *res judicata.*

## ANALYSIS

■■■ At first blush, it appears that *res judicata* does apply and that Michigan Fidelity's motion to dismiss (or in the alternative its motion for judgment on the pleadings) should be granted. The criteria for applying *res judicata* is contained in *In re Energy Co–op., Inc.,* 814 F.2d 1226 (7th Cir.1987), where the court states the following:

> For *res judicata* to apply, three requirements must be met: (1) an identity of the parties or their privies, (2) an identity of the causes of action, and (3) a final judgment on the merits.

814 F.2d at 1230. This court is persuaded that all of these requirements exist in this second adversary case. But the court needs to probe deeper and consider whether any of the recognized exceptions to the application of *res judicata* as set forth in *Restatement (Second) of Judgments* (1982),[2] including the following:

## § 26. Exceptions to the General Rule Concerning Splitting

> (1) When any of the following circumstances exist, the general rule ... does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

---

> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action;  or

---

> (d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim
> . . . .

are applicable.

### § 26(1)(b) Exception

With respect to § 26(1)(b), the court's review of the transcript of the hearing in which a default judgment was granted to the trustee against Michigan Fidelity in the first adversary did not disclose that this court expressly reserved the trustee's right to maintain this second adversary. There also was no express reservation to the trustee in the order for judgment or in the judgment itself. The court concludes that § 26(1)(b) has no application here.

### § 26(1)(d) Exception

Section 26(1)(d) presents another exception to the application of *res judicata.* It requires this court to answer the following question:  does the "sense of the statutory scheme" dictate that a plaintiff may split his cause of action into two separate suits where one statute of limitations governs § 547 and another statute of limitations governs § 550?

■■■ A search of authority on this issue leads this court to conclude that all authority other than *Linc* [3] concludes that, while

---

**2.** In *Matter of Energy Co-op, Inc.,* 814 F.2d 1226, Circuit Judge Cudahy states at 1231 n. 5:  "The approach of the *Restatement (Second) of Judgments* has become 'the present trend among courts nationwide.' "

**3.** There is a notable factual distinction between *Linc* and this case.  In *Linc,* a global settlement had been reached in the first suit before the second suit was commenced. That is not the case here.

it is permissible to bring an avoidance action and a recovery action in one suit, it is not mandatory to do so. *See In re Crafts Plus+, Inc.*, 220 B.R. 331, 338 (Bankr.W.D.Tex.1998) ("While the avoidance and recovery process is conceptually bifurcated, both steps *can* be taken in the same proceeding . . . ."); *see also In re Ocean Developments of America*, 29 B.R. 129, 130 ("The two causes of action *could* have been joined in one case as separate counts."); *see also In re Enron Corp.*, 343 B.R. 75, 82 ("While avoidance must be established before recovery is effectuated, the two actions *may* be brought simultaneously . . . ."); *see also Collier on Bankruptcy* § 550(f) (15th Ed. Rev.) ("The trustee *usually* will file a consolidated action to avoid the transfer and recover the property transferred or its value.") (underlining added for emphasis). Based upon the foregoing language in these cases and in *Collier*, the court concludes that a claim for avoidance of a transfer and a claim to recover the property transferred or its value need not be brought in the same suit.

If combining an avoidance action and a recovery action in one suit was intended to be mandatory, the statute of limitations in § 550(f) would be meaningless. There would be no need to provide such a statute of limitations because if the trustee prevailed on the avoidance action against the initial transferee (meaning in this case Michigan Fidelity), the recovery would be heard and decided as part of the same suit.

Michigan Fidelity argues that § 550(f) still would be meaningful, provided it is interpreted as being limited to subsequent transferees. However, a careful reading of § 550(a) leads to the conclusion that § 550(f) applies to both the initial transferee (§ 550(a)(1)) and to subsequent transferees (§ 550(a)(2)). *Collier on Bankruptcy* § 550.02(4), declares:

Subsections 550(a)(1) and (2) permit the trustee to recover from the initial transferee "or" the entity for whose benefit the transfer was made "or" subsequent transferees. As used in the Bankruptcy Code, "or" is not exclusive. Thus, the trustee can recover from any combination of the entities mentioned above subject to the limitation of a single satisfaction.

If § 550(f) was, as suggested by Michigan Fidelity, intended to be limited to subsequent transferees, it could have easily been so worded. However, § 550(f) is very clear that it applies to both initial transferees and subsequent transferees. The United States Supreme Court in *Patterson v. Shumate*, 504 U.S. 753, 757, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) states that, "when a statute is clear and unambiguous on its face, the court must apply the plain meaning of the statute and enforce it according to its terms."

## CONCLUSION

The court concludes that the trustee, having first avoided the preferential transfer to Michigan Fidelity may now commence a separate adversary against Michigan Fidelity to recover the value of the avoided transfer. The court further concludes, in view of the separate and distinct statutes of limitations for § § 547 and 550, respectively, and consistent with the sense of the statutory scheme, that this second adversary is an exception to *res judicata.*

The defendant's motion to dismiss or, in the alternative, for judgment on the pleadings is **DENIED**, without costs.